UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RIMA JONES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:18-CV-483-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| COTTMAN TRANSMISSION, | ) **ORDER** |
| | ) |
| Defendant | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The *pro se* plaintiff, Rima Jones, has filed an application to proceed without prepayment of fees. On review, the Court finds that the application makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees [R. 3] is **GRANTED**.

Because the plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff, a resident of Kentucky, sues Cottman Transmission, also located in Kentucky. She states that she brings suit under this Court's federal-question jurisdiction. She alleges, "Mechanic claimed I need a transmission . . . Defendant unlawfully dismantled the car. The radiator, stick drive, brakes, engine, transmission, gashing tear in the convertible roof. Items pulled out from place and put inside the car." She asserts that the car has been rendered useless. She asks for $25,000 for car repair and the same amount for emotional distress.

1

## II. ANALYSIS

Upon review under § 1915, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

First, however, the Court must determine whether it has jurisdiction over this action. It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint indicates that the plaintiff seeks to bring this action based on federal-question jurisdiction pursuant to § 1331. Under § 1331 of Title 28 of the U.S. Code, "The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, none of the laws the plaintiff points to confers federal-question jurisdiction on this Court. According to the complaint, the following laws are the basis for federal-question jurisdiction: 18 U.S.C. § 2322, "NRS 487.047," 29 U.S.C. § 107, and "Ordinance 255."

Section 2322 of Title 18 of the U.S. Code, titled "Chop shops," provides:

> (1) Any person who knowingly owns, operates, maintains, or controls a chop shop or conducts operations in a chop shop shall be punished by a fine under this title or by imprisonment for not more than 15 years, or both. If a conviction of a person under this paragraph is for a violation committed after the first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to any fine and imprisonment.
>
> (2) Injunctions.--The Attorney General shall, as appropriate, in the case of any person who violates paragraph (1), commence a civil action for permanent or temporary injunction to restrain such violation.

18 U.S.C. § 2322(a).

Subsection (1) of this statute does not provide jurisdiction because the plaintiff, a private citizen, may not enforce the federal criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004). Nor does this statute provide a private right of action; under subsection (2), only the attorney general may bring a civil action to enjoin violations of this section. Thus, the plaintiff has no cause of action under § 2322.

The second law to which the plaintiff points is "NRS 487.047." The Court presumes the plaintiff to be referring to Nev. Rev. Stat. § 487.047. This Nevada law, titled "'Automobile wrecker' and 'wrecker' defined," provides:

> As used in NRS 487.047 to 487.200, inclusive, unless the context otherwise requires, "automobile wrecker" or "wrecker" means a person who obtains a license

> to dismantle, scrap, process or wreck any vehicle, including, without limitation, wrecked, salvage, nonrepairable, abandoned and junk vehicles, which includes, without limitation, removing or selling an individual part or parts of such a vehicle or crushing, shredding or dismantling such a vehicle to be disposed of as scrap metal.

Nev. Rev. Stat. § 487.047. Nevada state law has no application in this case and certainly does not provide federal-question jurisdiction in this Court.

The plaintiff also cites to 29 U.S.C. § 107, which provides, "No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute[.]" This statutory provision does not provide jurisdiction here.

Finally, the Court does not know what the plaintiff means by "Ordinance 25." It matters not because only "civil actions arising under the Constitution, laws, or treaties of the United States" give rise to federal-question jurisdiction. 28 U.S.C. § 1331. The use of the term "ordinance" clearly refers to a local law, *see* Black's Law Dictionary 1273 (10th ed. 2014) (defining "ordinance" as "a municipal regulation"), and not the "Constitution, laws, or treaties of the United States."

The Court concludes that the plaintiff has not met her burden of establishing the Court's authority to hear this case. *Kokkonen*, 511 U.S. at 377.

### III. CONCLUSION

For the foregoing reasons, the instant action will be dismissed by separate Order.

August 22, 2018

*Claria Horn Boom*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
A958.009